UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

REGINALD DALE LIGHT,

       Petitioner,

v.                                                 Case No. 2:09-cv-170
                                                 HON. R. ALLAN EDGAR

JEFFREY WOODS,

       Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Reginald Dale Light filed this petition for writ of habeas corpus challenging his conviction for first-degree felony murder. Petitioner murdered the victim in the perpetration of a robbery. The victim was found on the floor of his clothing store business with his hands handcuffed behind his back. The victim had suffered multiple stab wounds to his chest and a wound to his neck. Following a jury trial, Petitioner was convicted of felony murder and the lesser offense of second-degree murder. Petitioner was sentenced as a second habitual offender to life in prison for both convictions. The Michigan Court of Appeals affirmed the conviction and sentence for felony murder, but vacated the sentence for second degree murder. Respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision. In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, I am recommending that this petition for writ of habeas corpus be denied.

Petitioner raises the following claims:

I. Petitioner is entitled to a new trial because his constitutional and statutory right to be present during his trial was violated by the giving of a supplemental non-standard instruction to the jury outside of his presence contrary to the VI and XIV Amendments of the U.S.C.A.

II. The trial court denied Petitioner his right to a fair trial by denying Petitioner's motion in limine seeking to exclude evidence that Mr. Light possessed handcuffs at a home invasion two years after the murder, under Michigan Rules of Evidence ("MRE") 404(b), as that evidence was more prejudicial than probative.

III. The prosecution committed misconduct in his rebuttal argument by repeatedly denigrating the defense, depriving the Petitioner of his constitutional right to a fair trial.

In April of 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective. Because this petition was filed after the effective date of the AEDPA, this Court must follow the standard of review established in that statute. Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of

the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy,* 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by

a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

Petitioner contends that evidence he possessed handcuffs during an unrelated offense was erroneously admitted contrary to MRE 404(b). However, "such an inquiry . . . is no part of a federal court's habeas review of a state conviction." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). The Michigan Court of Appeals rejected Petitioner's claim:

> The testimony regarding the handcuffs was relevant because it was necessary to demonstrate that the circumstances of the two robberies were very similar, and defendant used handcuffs to restrain people while robbing them. This evidence discredited defendant's allegation that he was only in the store as a customer on the date of the incident and happened to have a cut on his hand. Therefore, it was offered for a proper purpose because it showed more than defendant's propensity to commit violent acts, and represented a common scheme or plan. This evidence was relevant to the identification of defendant as one of the robbers of Healey and his store, and its probative value was not substantially outweighed by the potential for unfair prejudice.

Michigan Court of Appeals' Opinion, docket #24, at 4.

In *Estelle v. McGuire*, the Supreme Court addressed the issue of whether the admission of evidence in violation of California state law entitled a petitioner to habeas corpus relief.

> We have stated many times that "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780, 110 S. Ct. 3092, 3102, 111 L. Ed. 2d 606 (1990); see also *Pulley v. Harris*, 465 U.S. 37, 41, 104 S. Ct. 871, 874-75, 79 L. Ed. 2d 29 (1984). Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241; *Rose v. Hodges*, 423 U.S. 19, 21, 96 S. Ct. 175, 177, 46 L. Ed. 2d 162 (1975) (per curiam).

*Estelle v. McGuire*, 502 U.S. at 67-8.

- 4 -

The appropriate inquiry is whether the allegedly improper admission of evidence violated the petitioner's constitutional rights. *Estelle v. McGuire*, 502 U.S. at 68. A federal court will grant habeas corpus relief only where a violation of the state's evidentiary rule results in the denial of fundamental fairness, and therefore, a violation of due process. *Brown, III v. O'Dea*, 187 F.3d 572, 578 (6th Cir. 1999) (citing *Cooper v. Sowders*, 837 F.2d 284, 287 (6th Cir. 1988)).

> "The standard in determining whether the admission of prejudicial evidence constitutes a denial of fundamental fairness is whether the evidence is 'material in the sense of a crucial, critical highly significant factor.'" *Leverett v. Spears*, 877 F.2d 921, 925 (11th Cir. 1989) (quoting *Redman v. Dugger*, 866 F.2d 387, 390 (11th Cir. 1989)).

*Brown, III v. O'Dea*, 187 F.3d at 578.

In the opinion of the undersigned, the Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Petitioner claims he was denied due process because he was not present during a discussion over responding to a note from the jury and the prosecution committed misconduct in his rebuttal argument by repeatedly denigrating the defense, depriving Petitioner of his constitutional right to a fair trial and, further, that trial counsel was ineffective for failing to object to the prosecution's remarks. However, Petitioner failed to properly preserve these issues for appeal by objection at trial. Respondent asserts that Petitioner procedurally defaulted these issues by failing to object during trial. When a state-law default prevents further state consideration of a federal issue, the federal courts are ordinarily precluded from considering that issue on habeas corpus review. *See*

*Ylst v. Nunemaker*, 501 U.S. 797, 801 (1991); *Engle v. Isaac*, 456 U.S. 107 (1982). The Sixth Circuit applies a four-part test to determine whether a claim is procedurally defaulted: (1) the court must first determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule; (2) the court must decide whether the state courts actually enforced the state procedural rule; (3) the default must be an "independent and adequate" state ground on which the state can rely to foreclose review of a federal constitutional claim; and (4) if the foregoing are met, the petitioner must demonstrate cause for his failure to follow the rule and that he was actually prejudiced by the alleged constitutional error. *Buell v. Mitchell*, 274 F.3d 337, 348 (6th Cir. 2001) (citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Greer v. Mitchell*, 264 F.3d 663, 672 (6th Cir. 2001). There may be an "exceptional case in which exorbitant application of a generally sound rule renders the state ground inadequate to stop consideration of a federal question." *Lee v. Kemna*, 122 S.Ct. 877, 878 ( 2002). A petitioner may also excuse a default by making a colorable claim of innocence; that is, he has shown that any constitutional error "probably" resulted in the conviction of one who was actually innocent. *Schlup v. Delo*, 513 U.S. 298, 322 (1995) (citing *Murray v. Carrier*, 477 U.S. 478, 495 (1986)). This exception is reserved for a very narrow class of cases, based on a claim of "new reliable evidence." *Schlup*, 513 U.S. at 315, 324.

> The Michigan Court of Appeals explained:
>
> Defendant's first argument is that his constitutional and statutory right to be present during his trial was violated by the giving of a supplemental instruction to the jury outside of his presence. This issue is not properly preserved for review because defense counsel did not object to defendant's absence when the trial judge received a note from the jury and discussed the response with counsel. *People v Pipes*, 475 Mich 267, 277; 715 NW2d 290 (2006). The record reveals that defense counsel waived his client's presence for the purpose of addressing and answering the question. As such we treat

> this claim as an unpreserved claim of constitutional error, which are reviewed for plain error. *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999). To avoid forfeiture: 1) an error must have occurred, 2) the error must be clear or obvious, 3) and the error must have affected substantial rights, meaning it affected the outcome of the trial. Id. at 763 (citations omitted).

Michigan Court of Appeals' Opinion, docket #24, at 2.

Further, even though the Court of Appeals applied a limited review of the claimed error to determine whether it affected the outcome, petitioner's failure to object is still considered a procedural default. *See Paprocki v. Foltz*, 869 F.2d 281, 284-85 (6th Cir. 1989). Here, Petitioner never objected to those two issues during trial. It is clear that the contemporaneous objection rule was well-established at the time of petitioner's trial. *See, e.g.*, *People v. Kelly*, 423 Mich. 261, 271 (1985). A rule designed to arm trial judges with the information needed to rule reliably "serves a governmental interest of undoubted legitimacy." *Lee v. Kemna*, 534 U.S. 362, 384 (2002). Petitioner's failure to comply with the state's independent and adequate state procedural rule, i.e., making a contemporaneous objection, caused him to default this claim in state court. *See Wainwright*, 433 U.S. at 87-88; *West v. Seabold*, 73 F.3d 81, 84 (6th Cir.), *cert. denied*, 518 U.S. 1027 (1996). Accordingly, review by this court is barred unless Petitioner can show cause and prejudice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

Petitioner fails to allege cause and prejudice to excuse the procedural default of this claim. Moreover, Petitioner cannot show that ineffective assistance of counsel was cause for his procedural default. The Court further rejected the Petitioner's claim of ineffective assistance of counsel. The Court explained:

> Defendant was not deprived of a fair trial by the prosecutor's remarks during the rebuttal argument. Because defendant's argument regarding this issue is without merit, defendant was also not denied the effective assistance of counsel. "Trial counsel is not required to advocate a meritless position." *People v Snider*, 239 Mich App 393, 425; 608 NW2d 502 (2000).

Michigan Court of Appeals' Opinion, docket #24, at 5-6.

In order to prevail on a claim of ineffective assistance of counsel, petitioner must show that counsel's errors were so serious that he was not functioning as counsel guaranteed by the Sixth Amendment, and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Wong v. Money*, 142 F.3d 313, 319 (6th Cir. 1998); *Bruner v. Perini*, 875 F.2d 531, 535 (6th Cir.), *cert. denied*, 493 U.S. 938, 110 S. Ct. 334 (1989) (citing *Strickland v. Washington*, 466 U.S. 668, 688-96, 104 S. Ct. 2052, 2065, 69, 80 L. Ed. 2d 647 (1984)).

There has been ineffective assistance of counsel where an attorney's performance is so deficient as to prejudice the defense and render the trial unfair and the result unreliable. *Wong*, 142 F.3d at 319; *Austin v. Bell*, 126 F.3d 843, 847 (6th Cir. 1997), *cert. denied*, 118 S. Ct. 1547 (1998). Even if a court determines that counsel's performance was outside the wide range of professionally competent assistance, the petitioner is not entitled to relief if his counsel's error had no effect on the judgment. *Tucker v. Prelesnik*, 181 F.3d 747, 754 (6th Cir. 1999). Rather, a petitioner must show that the probability that the outcome of the case would have been different but for counsel's unprofessional errors is sufficient to undermine confidence in the result. *Wong*, 142 F.3d at 319; *Austin*, 126 F.2d at 848. "The performance and prejudice components of the *Strickland* test are mixed questions of law and fact." *Austin*, 126 F.2d at 848.

The court's review of defense counsel's performance is highly deferential, and defense counsel is presumed to have rendered adequate assistance by exercising reasonable professional judgment and sound trial strategy. *Wong*, 142 F.3d at 319; *Austin*, 126 F.3d at 848. Petitioner must overcome the presumption that, under the circumstances, the challenged actions might be considered sound trial strategy. *Strickland*, 466 U.S. at 689; *Tucker v. Prelesnik*, 181 F.3d 747, 754 (6th Cir. 1999).

Petitioner has failed to establish ineffective assistance of counsel as cause and prejudice. Even if Petitioner could show cause and prejudice, the Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Petitioner claims that he was denied a fair trial because the prosecution denigrated the defense during closing argument. The Michigan Court of Appeals explained:

> Next, defendant contends that the prosecutor committed misconduct in his rebuttal argument by repeatedly denigrating the defense and that his counsel was ineffective for failing to object to these remarks. Defendant failed to preserve the issue of prosecutorial misconduct at trial because he did not object to the prosecutorial remarks, thereby depriving the trial court the opportunity to cure the error. *People v Stanaway*, 446 Mich 643, 687; 521 NW2d 557 (1994). Therefore, this issue is reviewed for plain error. *Carines, supra* at 763-764.
>
> To preserve the issue of ineffective assistance of counsel, a defendant must move for a new trial or evidentiary hearing. *People v Marji*, 180 Mich App 525, 533; 447 NW2d 835 (1989), citing *People v Ginther*, 390 Mich 436, 443; 212 NW2d 922 (1973). Defendant failed to move for a new trial or *Ginther* hearing with the trial court, so review is limited to the evidence on the record. *Ginther, supra* at 442-443. The determination whether defendant received the effective assistance of counsel is a question of both fact and constitutional law. The trial

court's findings of fact are reviewed for clear error, while questions of law are reviewed de novo. *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002).

Michigan Court of Appeals' Opinion, docket #24, at 4.

Further, Petitioner contends that trial counsel was ineffective for failing to object to the prosecution's remarks. The Michigan Court of Appeals rejected these claims, finding that the prosecution's remarks were simply responsive:

> Defense counsel spent considerable time talking about the collection of the evidence at the scene as a "shoddy investigation," especially because the evidence technicians did not collect any of the blood around the body, just assuming that the blood was all Healey's, therefore losing any evidence of the killer. In addition, because there was no finding of defendant's blood near the body, the testimony was consistent with defendant's story.
>
> In response, the prosecutor complimented defense counsel's argument and made the comment about cleansing the water to the jury to indicate that he planned to respond to the argument with a clear summary of the evidence that was presented to support the prosecution's case. During the prosecution's explanation of the evidence, he used an analogy of the defense mechanisms different animals in the animal kingdom use to survive and compared the defense argument to the way an octopus squirts a big cloud of dark ink to make it difficult to see. Then, the prosecutor continued that a variation would be the cockroach defense, where the facts can be contaminated by crawling around all over them until there's reasonable doubt. The prosecutor finished the analogy by concluding that defendant's instincts, because of who he is and where he is from, are to lie.
>
> The prosecutor's reference to defendant's testimony as containing lies was reasonable because a prosecutor may argue that a witness is or is not worthy of belief based on the facts. *People v Launsburry*, 217 Mich App 358, 361; 551 NW2d 460 (1996). "[T]he prosecutor is permitted, as an advocate, to make fair comments on the evidence, including arguing the credibility of witnesses to the jury when there is conflicting testimony and the question of defendant's guilt or innocence turns on which witness is believed." *People v Flanagan*, 129 Mich App 786, 796; 342 NW2d 609 (1983). In fact, defendant told a completely different story on the stand than he had ever told in

>the past and testified that he had lied to the police. Viewing these comments in context, it would be unreasonable to conclude that they affected defendant's right to a fair and impartial trial. *Watson, supra* at 586.
>
>Finally, the court instructed the jury regarding what was included in the evidence, that the jury alone was the finder of facts, including determining the credibility of the witnesses, and that it must not let sympathy or prejudice influence its decision. Therefore, any possible error was dispelled by the court's instruction. *Bahoda, supra* at 281.

Michigan Court of Appeals' Opinion, docket #24, at 5.

In the opinion of the undersigned, Petitioner has failed to show how his rights were violated or that any prejudice resulted from these errors. Ultimately, the issue for the Court is whether the prosecutor's conduct denied petitioner a fundamentally fair trial. *Smith v. Phillips*, 455 U.S. 209, 219, 102 S. Ct. 940 (1982). *See also United States v. Carroll*, 26 F.3d 1380 (6th Cir. 1994) (adopting test for evaluation of prosecutorial misconduct on direct review); *Serra v. Michigan Department of Corrections*, 4 F.3d 1348 (6th Cir. 1993) (applying similar test to habeas action). Inappropriate remarks or conduct by a prosecutor constitute a matter of constitutional concern only when it is egregious enough to deprive the defendant of a fair trial. *See United States v. Chambers*, 944 F.2d 1253 (6th Cir.), *cert. denied*, 112 S. Ct. 1217 (1992); *United States v. Mohney*, 949 F.2d 1397, 1400 (6th Cir. 1991), *cert. denied*, 112 S. Ct. 1940 (1992); *Paprocki v. Foltz*, 869 F.2d 281 (6th Cir. 1989). The Michigan Court of Appeals evaluated each of petitioner's claims and concluded that any error by the prosecution was not prejudicial to petitioner and did not result in the conviction of someone who was innocent of the crimes.[1]

---

[1]This finding, which is not contrary to federal law, also establishes that Petitioner's counsel was not ineffective for failing to object to the prosecution's remarks.

In summary, the undersigned concludes that Petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the Petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong. Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal.

*United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

                    /s/ Timothy P. Greeley
                    TIMOTHY P. GREELEY
                    UNITED STATES MAGISTRATE JUDGE

Dated:   August 2, 2011